IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   WILLIAM MANNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-cv-500-TCK-FHM |
| v. | ) | |
| | ) | |
| (1)   PHILLIPS 66 COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLIAM MANNA, files this action against Defendant, PHILLIPS 66

COMPANY, and by way of complaint against Defendant alleges the following:

**I.  Nature of Action**

1.1    This jury action seeks redress for Defendant's violation of the laws of the

United States in connection with the termination of Plaintiff's employment.  The action

specifically seeks to enforce rights created under the Americans with Disabilities Act of

1990 ("ADA") 42 U.S.C. §12101 *et. seq.,* Family and Medical Leave Act ("FMLA") 29

U.S.C. § 2601 *et. seq*., and the Oklahoma Standards for Workplace Drug and Alcohol

Testing Act, 40 O.S. § 551 *et. seq.*   As redress for Defendant's violation of the ADA and

Oklahoma law, Plaintiff prays for and demands declaratory, legal and equitable relief,

including back pay, reinstatement or, in the alternative, front pay, punitive damages,

damages for emotional distress and attorney fees and costs. As redress for Defendant's

violations of the FMLA, Plaintiff prays for and demands declaratory, equitable and legal

relief, including compensatory damages, liquidated damages and attorney fees and costs

1

## II.  Jurisdiction and Venue

2.1    This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2). Jurisdiction of Plaintiff's ADA claim is invoked pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

2.2    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.3    At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.4    At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.5    At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.6    This Court has pendent jurisdiction over the state law claim arising under Oklahoma common law as the claim arises under the same set of facts as the federal statutory claims.

2.7     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission against Defendant.   On May 12, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue against Defendant and this suit is instituted within the 90-day deadline contained within the notice.

### III.     Parties

3.1     Plaintiff is a male citizen of the United States and a resident of Rogers County, Oklahoma.

3.2     Defendant Phillips 66 Company is a foreign corporation registered to do business in the State of Oklahoma.   Process may be served upon its duly authorized agent: Corporation Service Company, 115 SW 89th Street, Oklahoma City, OK  73139.

### IV.     Background Facts

4.1     On or about 1997 Defendant hired Plaintiff after graduating from college [Chemical Engineering Degree and MBA in Supply Chain] for the full-time position of Instrumentation Engineer at the refinery in New Jersey.   After approximately 11 years, Defendant transferred Plaintiff to the corporate office in Bartlesville within the Corporate Procurement Group.

4.2     At his termination, Plaintiff held the position of Strategic Sourcing Lead of approximately 240 employees in the procurement department and 6 within Plaintiff's group. Plaintiff always met or exceeded his performance expectations.   He has received annual appraisals of "1" (outstanding performance/scale 1 - 5) and received salary grade

promotions in 2010 and 2013.  He also received corporate procurement awards for two years within his department.

**Disabled Son**

4.3    Plaintiff's son has Autism requiring special needs in care, transportation and school studies.

4.4    Plaintiff advised Defendant and Defendant knew that his son was disabled with special needs in care, transportation and school studies.

4.5    In the past, Defendant accommodated Plaintiff for the disability of his son including periodic full or partial absences from work.

4.6    His son was receiving special care and progress within the local school. Plaintiff did not live in Bartlesville and commuted approximately 84 miles each day from Collinsville, OK to the Bartlesville's office due to his son's disability.

**New Manager Issues Write-Up**

4.7    On or about September 2014 Rebeca Ginyovszky was selected to be the manager over Plaintiff's department.

4.8    In February 2015 Ms. Ginyovszky then issued to Plaintiff a needs improvement review.   Based upon information and belief, this is the worst review issued to Plaintiff after 18 years of continuous employment.

4.10    On May 18, 2015 Defendant ordered Plaintiff to undergo a "random" drug and/or alcohol test.  The results were negative.

4.11    On or about May 21, 2015, Ms. Ginyovszky issued to Plaintiff a written warning for failing to arrive in the office prior to 9:00 a.m.    Ms. Ginyovszky is based

out of the Houston office.  Based upon information and belief, Defendant had never disciplined Plaintiff in the past.

4.12    Plaintiff's position required frequent overnight traveling and working long hours.  He was a professional, salaried and exempt employee under the FLSA.  He did not have a published work shift and periodically worked before 9:00 am, after 5:00 pm and weekends, depending upon deadlines and travel schedule.  Defendant never maintained for Plaintiff any timekeeping system or instructions for timekeeping.

4.13    On or about mid-June 2015 Plaintiff had two individual meetings with two managers regarding performance where he did not receive any criticism of work performance.

**Physician Examination and Drug and Alcohol Test Ordered**

4.14    On or about July 15, 2015, Plaintiff traveled to Houston for a mid-year review.  When he arrived at the facility, a manager told him that he "did not look good".  Plaintiff advised management that he was not ill and he did not have any idea as to the basis to the accusation or suspicion.  He was escorted to their medical office for an examination and a drug and alcohol test.

4.15    There, the company physician conducted a physical examination, questioned him regarding past medical history and current symptoms, administered a breath test for alcohol and collected a urine sample from Plaintiff.  The on-site breath test was negative.

5

**Suspension**

4.16    After his sample was taken, Defendant suspended his employment and revoked his access into their computer system.  Plaintiff was instructed to obtain an appointment with his physician for diagnosis and/or treatment of his unknown condition. Plaintiff flew back home and did not receive his mid-year review.

**Short Term Disability Leave**

4.17    After Plaintiff returned from Houston, he received a letter for HR advising of placement on Short Term Disability until fully released from work and after review and approval to work by Defendant's medical team.  While in Houston, Plaintiff had never requested, orally or written, Short Term disability benefits nor communicated to management or medical staff that he was suffering from any illness or disability precluding him from work.

**FMLA Leave**

4.18    Plaintiff also received at his residence from Defendant a Notice of Eligibility under the Family and Medical Leave Act dated July 16, 2015 for a serious health condition.  Plaintiff had not requested leave under the FMLA nor communicated to Defendant having any qualifying health condition nor told by their physician of any illness or condition.   The Notice requested that he submit a completed certificate by August 5.

4.19    Plaintiff did not seek or submit any FMLA certification to Defendant from any physician for FMLA leave before or after receiving this Notice.

4.20    Plaintiff did not receive any disability benefits during his suspension.

6

**Second Physician Examination and Drug and Alcohol Test**

4.21    On or about July 17, 2015 Plaintiff was examined by his personal physician in Oklahoma.  His physician stated that she had already had discussions with Defendant's company physician about Plaintiff.  His physician then administered a physical exam and obtained a blood and urine sample from Plaintiff for testing.

**Involuntary FMLA Leave Approved**

4.22    On or about July 25, 2016 Plaintiff received a Designation of FMLA leave from Defendant certifying FMLA leave from "7/15/2015 thru Unknown".   At that time Plaintiff's personal physician and Defendant's staff physician had not found any illness, health condition or alcohol/drug use that prevented him form working at his position.

**Negative Tests**

4.23    On or about July 21, 2015, Plaintiff was notified by his physician that his urine and blood test were negative and that he did not suffer from a medical condition preventing him from working.

**Second Examination and Suspension Lifted**

4.24    As a condition to return to work from suspension, Defendant ordered Plaintiff to undergo a second physical examination by Defendant's company physician in Bartlesville.  On or about Friday, July 24, 2015 Plaintiff was examined by the company's physician and was released to work for Monday.

**Return to Work and Accused of Illness and Drug Usage**

4.25    When Plaintiff returned to work on Monday, July 27, an HR representative interrogated him regarding his health and urged him to "come clean" on his drug usage.

7

4.26   Defendant suspended issuance of his mid-year review [scheduled for 7/31].

**Termination**

4.27   After working approximately one week Plaintiff went on a previously scheduled family vacation.  After his return to work from vacation, on August 6, 2015, Defendant terminated his employment.

4.28   Plaintiff had never failed any drug or alcohol test during his 18 years of employment with Defendant.

**COUNT I:  ADA**
**[Perceived Disability]**

5.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.28 of this Original Complaint.

5.2   Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff had a "record of such an impairment" within the meaning of (2)(B).

5.3   Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a perceived disability in the terms or conditions of his employment.  By engaging in such conduct, Defendant violated § 12112(a), which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of being regarded as disabled.

5.4   As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of

compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been discharged in violation of the ADA.

5.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

5.7     As a direct and proximate cause of the violations of the ADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT II:  ADA
### [Association with Disabled Family Member]

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.7 of this Original Complaint.

6.2     Under the ADA it is unlawful for a covered entity to exclude or deny equal jobs or benefits to, or otherwise discriminate against, a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a family relationship.

6.3     Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a disability in the terms or conditions of his employment, and/or otherwise failed to reasonably accommodate Plaintiff, by excluding or denying Plaintiff equal jobs, or otherwise discriminate against him, because of the known disabilities of his

family member and by terminating Plaintiff's employment. By engaging in such conduct, Defendant violated the ADA which makes it an unlawful employment practice for an employer to discriminate against any individual because of the known disability of an individual with whom the qualified individual is known to have a family relationship with respect to hiring, discharge and other terms, conditions, and privileges of employment.

6.4     As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been discharged in violation of the ADA.

6.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

6.7     As a direct and proximate cause of the violations of the ADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**COUNT III: Oklahoma Standards for Workplace Drug and Alcohol Testing Act**

7.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.7 of this Original Complaint.

7.2     Defendant conducts drug and alcohol testing of its employees subjecting them to the provisions of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, 40 O.S. § 551 *et. seq*.

7.3     Defendant was an "employer" under 40 O.S. § 552.9 of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act.

7.4     Plaintiff is an "employee" under 40 O.S. § 552.8 of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act.

7.5     Defendant's termination of plaintiff's employment after a two successive negative drug and alcohol tests for suspicion of drug/alcohol use violates the Act.

7.6     Plaintiff's termination was not protected or authorized under the Oklahoma Standards for Workplace Drug and Alcohol Testing Act for a negative drug and alcohol tests.

7.7     As a direct and proximate result of Defendant's violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been discharged in violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act.

7.8     As a direct and proximate result of his wrongful discharge in violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, Plaintiff has suffered other pecuniary losses, the type and amount of which will be established at trial, and

nonpecuniary losses such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## COUNT IV: FMLA

### (FMLA Retaliation)

8.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.8 of this Original Complaint.

8.2    Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

8.3    All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

8.4    At all times material to this action, Defendant has retaliated to Plaintiff the exercise of and/or attempted exercise of rights under Section 2615(a)(1) and (a)(2) of the FMLA by Defendant's action and omissions including terminating Plaintiff's employment.   Defendant placed Plaintiff on FMLA leave and, after working approximately one week, terminated his employment.

8.5    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary/wages and employee benefits, he would have received as an employee of Defendant had his rights under the FMLA not been interfered, restrained or denied or been retaliated for his exercise and/or attempted exercise of FMLA rights.

12

8.6     In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

8.7     As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the ADA, FMLA and Oklahoma law.

2.     An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.     A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits he would have received had he not been terminated by Defendant in violation of the ADA, FMLA and Oklahoma law.

4.     An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, he would have enjoyed had he not been terminated by Defendant in violation of the ADA, FMLA and Oklahoma law, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant.

5.      A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct under the ADA, FMLA and Oklahoma law.

6.      A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for their unlawful conduct.

7.      A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

9.      Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

9.       A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

10.     A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

14

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor