# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MANNA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PHILLIPS 66 COMPANY, a foreign<br>Company, and PHILLIPS 66 SEVERANCE<br>PAY PLAN, | ) Case No. 16-CV-500-TCK-FHM<br>)<br>)<br>) |
| Defendants | |

## OPINION AND ORDER

Before the Court are Plaintiff William Manna's Motion for Judgment or Motion to Re-open Cause for Entry of Judgment Awarding Benefits (Docs. 82-83) and Motion for Attorney Fees (Doc. 76). Defendant Phillips 66 Severance Pay Plan opposes both motions.

**I. Motion for Judgment or Motion to Reopen Cause for Entry of Judgment (Docs. 82-83)**

    **A. Procedural History**

On July 27, 2016, Plaintiff filed his Complaint, asserting claims against Defendant Phillips 66 Company ("Phillips") for discrimination in violation of the Americans with Disabilities Act ("ADA"), violation of the Oklahoma Standards for Workplace Drug and Alcohol Testing Act ("OSWDATA"), and retaliation in violation of the Family and Medical Leave Act ("FMLA"). (Doc. 2). A year later, on July 25, 2017, Plaintiff filed his Amended Complaint, adding the Phillips 66 Severance Pay Plan ("Plan") and asserting a claim for severance benefits under the Employment Retirement Income Security Act ("ERISA"). (Doc. 33).

On January 7, 2018, following full briefing of the issues raised in Plaintiff's Amended Complaint, the Court entered its Opinion and Order, granting summary judgment to Phillips on all

claims asserted against it, but reversing and remanding the Plan's decision denying Plaintiff's request for severance benefits. (Doc. 68). In its Opinion and Order, the Court found that the Plan's decision to deny Plaintiff's claim for severance pay was "arbitrary and capricious," and it ordered that Plaintiff's claim for benefits be remanded to the Plan for further findings and explanation. *Id.* The Opinion and Order was silent on the issue of whether Plaintiff was entitled to severance benefits. *Id.*

Subsequently, the Plan filed a Motion to Amend and Clarify the Court's Judgment of January 17, 2018, seeking clarification on the question of whether the Court had determined conclusively that Plaintiff was entitled to severance pay from the Plan or had referred that determination to the Plan for reconsideration in light of the Court's Opinion and Order. Doc. 70 at 1. On February 2, 2018, the Court entered an Amended Judgment, in which it stated, *inter alia*, "The Plan's decision denying Plaintiff's claim for severance pay benefits is reversed and remanded to the Plan for further proceedings, including consideration of whether Plaintiff is entitled to severance pay benefits, consistent with the Court's Opinion and Order of January 17, 2018." Doc. 71. In a footnote, the Court stated, "This Amended Judgment is entered to clarify that the court has not directed the Plan to find that Plaintiff is entitled to severance pay." *Id.*

On February 23, 2018, Plaintiff filed a Motion to Clarify Judgment or Enforce Judgment, in which he stated that he had "inquired with the Defendant Plan as to a decision to process severance pay benefits," but had not received any communication of any nature from the Plan. (Doc. 75). However, on March 8, 2018, Plaintiff received notification by mail that the Plan had denied his benefit request on remand. Doc. 82. Accordingly, he seeks review of the Plan's denial of the benefit request. *Id.*

## B. Factual Background

Pursuant to the provisions of ERISA, the Plan is a welfare plan. AR 2. Under the terms of the Plan, "a Participant is eligible to receive benefits under this Plan and does not have a Disqualifying Circumstance." AR 8-9. The Plan provides that:

- "[a] Participant has all Qualifying Circumstances if . . . [h]e has a Layoff on or after May 1, 2012." AR 9.

- "the term 'Layoff' or 'Laid Off' applies if . . . Phillips 66 Company ("Phillips 66") gives the Participant Notice of Layoff." AR 4.

- "the term 'Notice of Layoff' means a written notice provided by [Phillips 66] to the Participant in a form acceptable to the Plan Administrator stating the Date of Layoff." AR 6.

- "such notice is a Notice of Layoff only if approved by . . . [t]he applicable business line's Human Resources General Manager or the highest level Human Resources manager with responsibility for staffing the applicable business line in the case of an Employee who is not a Tier 1 Executive Employee or a Tier 2 Executive Employee. AR6

- "[a] Participant has a Disqualifying Circumstance, even if he has been given a Notice of Layoff, if ... he is terminated for cause as indicated by the fact that his termination is recorded in [Phillips 66's] personnel system as a 'discharge' or similar classification." AR 9.

- "[t]he Plan Administrator is authorized "to interpret and administer the Plan, including the resolution of ambiguities, inconsistencies and omissions" and "to determine benefit eligibility . . . and to make the initial findings of fact and resolution of disputes or claims." AR 14.

- The Benefits Committee has similar authority, as well as the power to review and resolve disputes or claims which may arise under the Plan following review and initial resolution by the Plan Administrator. AR 13.

In 1997, Plaintiff was hired by a predecessor of Phillips 66. AR 150, 289. On August 6, 2015, Phillips 66 terminated Plaintiff's employment. AR 289, 297. Neither before nor after the termination of Plaintiff's employment did Phillips 66 provide Plaintiff with a written Notice of Layoff. AR 284-285. In its personnel system, Phillips 66 recorded that Plaintiff had been discharged for cause. AR 284-285.

3

In January 2017, Plaintiff submitted a claim for severance benefits under the Plan, alleging he was entitled to them because he had not been dismissed for cause, but rather due to a reduction in force or job elimination. AR 151-152. On January 30, 2017, the Plan Administrator notified Plaintiff that his request for severance benefits under the Plan had been denied because Phillips 66 had discharged him for cause. AR 166-167. On or about March 27, 2017, Plaintiff submitted a written appeal of the Plan Administrator's determination to the Benefits Committee. AR 193-283. On May 12, 2017, the Benefits Committee issued its denial of Plaintiff's appeal, concluding that Phillips 66 had discharged Plaintiff for cause and that Phillips 66 had not provided a written Notice of Layoff to Plaintiff. AR 284-285.

**C. Standard of Review**

The Court has previously determined that the Plan authorizes the Plan Administrator to interpret and administer the plan and to determine benefit eligibility and therefore "the more deferential arbitrary and capricious standard is applicable." However, The Court held that because the Plan is self-funded by Phillips, and Phillips appoints and compensates the Plan Administrator, the Court would "take account of several different considerations of which a conflict of interest is one." Doc. 68 at 19-20 (citing *Firestone Tire & Rubber Co.*, 489 U.S. 101, 116 (1989) and *Met. Life Ins. Co. v. Glenn*, 554 U.S. 105, 110 (2008).

**D. Analysis**

Under the express terms of the Plan, a Participant is eligible for severance benefits only if he or she meets all qualifying Conditions and does not have a Disqualifying Condition. In order to have all qualifying Conditions, the Participant must have received a written Notice of Layoff from Phillips 66 that has been approved by the highest Human Resources manager with

responsibility for staffing his or her position. Additionally, the Participant has a Disqualifying Condition if records in the Phillips 66 personnel system establish that the Participant has been discharged for cause. As previously noted, Phillips 66 records establish that Plaintiff was discharged for cause and that he did not receive a written Notice of Layoff.

The Tenth Circuit has stated:

> [I]n enacting ERISA, Congress purposely decided not to erect a single regulatory edifice for the handling of benefits claims. Instead, it left employers considerable discretion to fashion private benefits plans tailored to their own (and their employees') needs. Thus, it is necessary to look not just to the minimum standards of ERISA *but also to the terms of the plan itself*.

*Gaither v. Aetna Life Ins. Co.*, 894 F.3d 792, 804 (10th Cir. 2004) (citations omitted) (emphasis added). *See also Broadhead v. Fed. Express Corp.*, 2007 WL 951544, at * 10 (D. Utah Mar. 26, 2007) (finding that the terms of the employer's disability plan governed and it was not required to make an employability assessment or consider plaintiff's Social Security disability benefits); *Kitterman v. Coventry Health care of Iowa, Inc.*, 32 F.3d 445, 449 (8th Cir. 2011) ("[W]hen interpreting the terms of the plan, we cannot ignore provisions or rewrite the plan documents . . ."); *Adams v. LTV Steel Mining Co.*, 936 F.2d 368, 371 (8th Cir. 1991) ([O]ur role is to assure the plan is fairly administered, not to rewrite plan provisions.").

Under the express terms of the Plan, Plaintiff was entitled to benefits only if he had received written Notice of Layoff and had not been discharged for cause. Plaintiff met neither requirement. Accordingly, he was not entitled to severance benefits.

**II. Motion for Attorney Fees (Doc. 76)**

On March 2, 2018—after entry of the January 17, 2108 Opinion and Order granting Phillips' Motion for Summary Judgment but reversing and remanding the Plan's decision denying Plaintiffs' application for severance benefits (Doc. 68) and Judgment (Doc. 69) and the February

5

2, 2018 Amended Judgment clarifying that the court had not directed the Plan to find that Plaintiff is entitled to severance pay (Doc. 71)—Plaintiff filed a Motion for Attorney Fees (Doc. 76). The Plan opposes the motion, arguing that Plaintiff's motion was either untimely because he failed to file his fee motion within 14 days after entry of judgment, as required by Fed. R. Civ. P. 54(d)(2)(B)(i), or it was premature because the Court had not instructed the agency to rule in favor of the Plaintiff. (Doc. 80).

The Court's decision denying Plaintiff's Motion for Judgment or Motion to Reopen Cause for Entry of Judgment renders Plaintiff's Motion for Attorney Fees moot, as Plaintiff is not the prevailing party in its claim against the Plan.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Judgment or Motion to Re-open Cause for Entry of Judgment Awarding Benefits (Docs. 82-83) and Motion for Attorney Fees (Doc. 76) are denied.

ENTERED this 11th day of June, 2019.

_____
TERENCE C. KERN
United States District Judge